DOWNING CO. *v.* UNITED STATES (No. 2425).[1]

CONSTRUCTION, PARAGRAPHS 1103 AND 1105, TARIFF ACT OF 1922—MIXED WOOL WASTES.

Paragraph 1105, tariff act of 1922, levies duty on different named wool wastes "and all other wool wastes not specially provided for." Paragraph 1103 provides that mixed wastes entered at a lower rate than applicable shall bear duty at the highest rate applicable to any part. Paragraph 1103 is not limited to separable mixtures so as to relegate nonseparable mixtures to the not specially provided for provision of paragraph 1105. This provision of paragraph 1105 means such other definite wool wastes as are not named. Such provisions as that of paragraph 1103 have always been strictly construed. A mixture of ring, roving, and thread wastes, commercially nonseparable, entered as thread waste, was properly assessed with duty under paragraph 1105 as if composed entirely of ring or roving waste and denied classification under the paragraph as wool waste not specially provided for.

United States Court of Customs Appeals, December 17, 1924

APPEAL from Board of United States General Appraisers, G. A. 8760 (T. D. 40075)

[Affirmed.]

*Allan R. Brown* for appellant.

*William W. Hoppin,* Assistant Attorney General (*Charles D. Lawrence* and *Fred J. Carter,* special attorneys, of counsel), for the United States.

[Oral argument Nov. 11, 1924, by Mr. Brown and Mr. Lawrence]

Before GRAHAM, Presiding Judge, and SMITH, BARBER, BLAND, and HATFIELD Associate Judges

GRAHAM, Presiding Judge, delivered the opinion of the court:

The importer in this case made five entries of the material in question, the first entry having been made September 25, 1922, and the last on February 7, 1923. The material imported was invoiced

---

[1] T. D. 40582.

as thread waste and entered as such at 16 cents a pound under the provisions of paragraph 1105 of the tariff act of 1922. The local appraiser reported the goods, on examination, to be a mixture of roving and ring waste. The collector thereupon assessed duty upon the whole of the goods at 31 cents a pound, claiming to do so under authority of said paragraph 1105. The importer filed five several protests, and upon the same being overruled, appealed to the Board of General Appraisers, where the protests were overruled and judgment entered accordingly. From that judgment the importer appeals.

The testimony offered before the Board of General Appraisers shows that the material imported was a mixture of wool wastes in bales; that on the part of the importer was to the effect that the material was about 50 per cent ring waste and about 50 per cent thread waste, with an occasional small amount of roving waste.

On the part of the Government, the examiner testified that he had examined the material in question and it was a mixture of ring waste and roving waste, with not more than 15 per cent to 20 per cent of thread waste. Whatever difference there may be in the testimony, all the witnesses agree that the material was a mixture of two or more wool wastes, each of which is specifically named in paragraph 1105.

In addition, the evidence shows that the presence of thread waste in the mixture makes it necessary to garnet the whole before any of it is used, and that it is not commercially feasible to separate the material into its component wastes.

It is contended here, by the Government, that the collector properly found this mixture dutiable at 31 cents a pound by virtue of the specific rates specified in paragraph 1105, and the provisions of paragraph 1103 of the same act, which paragraphs are as follows:

1105. Top waste, slubbing waste, roving waste and ring waste, 31 cents per pound; garnetted waste, 24 cents per pound; noils, carbonized, 24 cents per pound; noils, not carbonized, 19 cents per pound; thread or yarn waste, and all other wool wastes not specially provided for, 16 cents per pound; shoddy, and wool extract, 16 cents per pound; mungo, woolen rags, and flocks, 7½ cents per pound. Wastes of the hair of the Angora goat, Cashmere goat, alpaca, and other like animals shall be dutiable at the rates provided for similar types of wool wastes.

1103. If any bale or package containing wools, hairs, wool wastes, or wool waste material, subject to different rates of duty, be entered at any rate or rates lower than applicable, the highest rate applicable to any part shall apply to the entire contents of such bale or package.

The appellant contends, in reply to this, that paragraph 1103 was intended to apply only to separable mixtures, and was not intended to apply to nonseparable mixtures; and that such a mixture constitutes a new commercial article, dutiable as a waste, "not specially provided for," under the provisions of said paragraph 1105.

We can not give our approval to the proposition that this mixture of wastes was such material as may properly be included within the designation of "wool wastes not specially provided for." In view of the express language of paragraph 1103, which will be later herein more particularly discussed, and in view of the history of this paragraph, we are of opinion that the "not specially provided for," clause of paragraph 1105, refers only to unmixed, definite varieties of wool waste, known to the trade, and not designated eo nomine in that paragraph. That there are such other kinds of wool waste is shown by paragraph 651 of the tariff act of 1913:

651. Wool wastes: All noils, top waste, card waste, slubbing waste, roving waste, ring waste, yarn waste, bur waste, thread waste, garnetted waste, shoddies, mungo, flocks, wool extract, carbonized wool, carbonized noils, and all other wastes not specially provided for in this section. * * *

While paragraph 1105 of the act of 1922 specifically mentions "top waste," "slubbing waste," "roving waste," "ring waste," "garnetted waste," "noils, carbonized," "noils, not carbonized," and "thread or yarn waste," the act of 1913 named specifically the above named wastes, and in addition thereto, "card waste" and "bur waste." In the tariff act of August 27, 1894, the varieties of waste last above named were specifically mentioned. It thus appears that there have been other varieties of wool waste, recognized by our tariff laws in the past, which may well be included within the designation of paragraph 1105, "all other wool wastes not specially provided for." There is no evidence that the mixture of wastes shown here is one known to the trade as a distinctive kind of waste.

Paragraph 1103 does not introduce a new principle into our tariff laws. The tariff act of October 1, 1890, contained the following provision:

383. * * * If any bale or package of wool or hair specified in this act imported as of any specified class, or claimed by the importer to be dutiable as of any specified class shall contain any wool or hair subject to a higher rate of duty than the class so specified, the whole bale or package shall be subject to the highest rate of duty chargeable on wool of the class subject to such higher rate of duty, and if any bale or package be claimed by the importer to be shoddy, mungo, flocks, wool, hair, or other material of any class specified in this act, and such bale contain any admixture of any one or more of said materials, or of any other material, the whole bale or package shall be subject to duty at the highest rate imposed upon any article in said bale or package.

The act of July 24, 1897, paragraph 356, contained the same provision, with no material change. The language was again repeated in paragraph 368, tariff act of August 5, 1909. It did not appear in the tariff act of October 3, 1913, that act not imposing any duty on wool wastes imported.

In T. D. 12986 (G. A. 1537) a decision rendered June 10, 1892, the Board of General Appraisers construed paragraph 383 of the tariff act of 1890, above quoted. In that case the material imported was a mixture of woolen rags and from one-eighth to one-third wool yarn and thread waste. It was claimed to be dutiable as "mungo," at 10 cents a pound. So far as the evidence appears, it was an inseparable mixture. The board said, in part:

> The merchandise in this case is claimed to be "mungo," the lexicographical definition of which is: "A fibrous material obtained by deviling the rags of remnants of *fine* woolen goods, as broadcloth," etc. But while it may be in part "mungo," the evidence shows conclusively that it is in part wool yarn or thread waste, an article provided for eo nomine in paragraph 388 of the new tariff act, and made dutiable at 30 cents per pound. The intent of the Congress would hardly have been doubtful, even in the absence of the express language of paragraph 383 on the subject; for it will not be seriously contended that a quantity of wool thread waste, provided for in paragraph 388 of said act at 30 cents per pound, could be justly admitted to entry at 10 cents per pound, under paragraph 389, by simply mixing it with a large quantity of mungo. But however this may be, the language of the proviso to paragraph 383 is sufficiently explicit to dispel all doubt as to the meaning of the lawmakers.

A strict construction has always obtained as to similar provisions in our tariff laws. In T. D. 21409 (G. A. 4495) the material imported was a mixture of 91⅔ per cent of cotton waste and 8½ per cent of wool waste, which the importer claimed was dutiable as cotton waste only. The board held the material properly dutiable under paragraph 362 of the tariff act of July 24, 1897, which paragraph was as follows:

> 362. Shoddy, twenty-five cents per pound; noils, wool extract, yarn waste, thread waste, and all other wastes composed wholly or in part of wool, not specially provided for in this act, twenty cents per pound.

In United States v. Cummings et al. (65 Fed. 495) an inseparable mixture of wastes was involved. The court there said:

> This importation was of waste pieces of cloth, composed of wool, cotton, and rubber, left over from the manufacture of waterproof garments. The wool cannot be profitably separated from the rubber. It was classified by the board of United States appraisers as "waste, not specially provided for," under paragraph 472 of the tariff act of 1890. But paragraph 388 provided for a duty on noils, shoddy, top waste, slubbing waste, roving waste, ring waste, yarn waste, garnetted waste, and all other wastes composed wholly or in part of wool. This waste is composed in part of wool, and falls within this description. *It was none the less composed in part of wool because that part was not profitably available.* (The italics are ours.)

In Stone & Downer Co. v. United States (147 Fed. 603) the material imported was one bale of Iceland wool containing 40 pounds of black wool and 40 pounds of white wool mixed. It was entered at less than the dutiable value for white wool. The court held the white wool properly dutiable at double its ordinary rate under

paragraph 356, tariff act of July 24, 1897. In Patton *v.* United States (159 U. S. 500) wool tops had been broken up and imported as waste. The act of March 3, 1883, chapter 121, under which the goods were imported, provided in part:

The duty upon wool * * * which shall be imported in any other than ordinary condition, as now and heretofore practiced, or which shall be changed in its character or condition for the purpose of evading the duty * * * shall be twice the duty to which it would be otherwise subject.

The double duty, in that case, was imposed and sustained.

In contradistinction to this line of authorities, counsel for appellant cites Myers *v.* United States (140 Fed. 648) and Williamson *v.* United States (8 Ct. Cust. Appls. 277; T. D. 37538). In the first case cited the material imported was a mixture of wood pulps, a definite quantity being dutiable and the balance free. The court held duty should be imposed only on the dutiable portion. To a like effect was United States *v.* Waterhouse (1 Ct. Cust. Appls. 353; T. D. 31452), where the material imported was coal containing slack, which slack was dutiable at a lower rate than the balance of the coal. The importer was permitted to enter his segregable slack at the lower rate. A similar ruling is found in United States *v.* Ranlett & Stone (172 U. S. 133). This was a case dealing with a mixture of a large number of burlap bags of American and foreign manufacture, the American-made bags being entitled to free entry under paragraph 493 of the act of October 1, 1890. The goods were entered as entirely free of duty. The court in that case, moved largely, it seems, by an order of the Secretary of the Treasury applicable to such cases, held the duties collected on bags of American manufacture should be refunded and the duties imposed on foreign-made bags confirmed. The court said in passing:

The general policy of the law is indicated in the statutory requirements that where goods of different qualities or different values are mingled, or are composed of material of different values, the highest rate of duty shall be imposed, as in the familiar instances of the classification of articles composed of two or more materials, at the rate of duty charged on the component material of chief value; * * *

Numerous provisions exist in the statutes and regulations designed to protect the Public Treasury from the bringing in of goods at a less rate of duty than they ought to pay under cover of association with goods properly subject to the lower amount; and the protection intended to be secured ought, on principle, equally to be accorded in respect of dutiable goods invoiced indiscriminately with free goods.

These cases simply give expression to the principle that in cases where certain classes of dutiable goods are commingled when imported, if the importer has acted in good faith and without fraud, he may be permitted to enter his goods on payment of the primary duties upon his dutiable goods.

But a different rule obtains here. Here the statute mandatorily provides that the importer of mixed wools or wool wastes must enter his goods at the particular rate applicable to each portion thereof. If he does this, the spirit of the law has been complied with. If he does not, he has impliedly committed a fraud upon the Government and must pay the highest rate which may be imposed upon any portion of his importation. Here the importer knew what the constituent elements of his wool waste were; he knew that a rate of 31 cents a pound applied to that part of it composed of roving waste and ring waste; he knew that a rate of 16 cents a pound applied to that part composed of thread waste. Yet, knowing this, he chose to enter it all as thread waste at the lowest rate. Having pursued this course, he can not complain when compelled to pay duty on the whole at the highest rate. The importer can always avoid such consequences by either importing his wools and wool wastes not mixed, or by declaring them for duty according to their true character.

The judgment of the Board of General Appraisers is accordingly *affirmed*.