UNITED STATES v. M. LOBSITZ (No. 3146)[1]

United States Court of Customs Appeals, January 29, 1929

*Charles D. Lawrence,* Assistant Attorney General (*Philip Stein* and *Oscar Igstaedter,* special attorneys, of counsel), for the United States.
*Walden & Webster* (*Edward F. Jordan* of counsel) for appellee.

[Oral argument December 7, 1928, by Mr. Igstaedter and Mr. Jordan].

Before GRAHAM, Presiding Judge, and BLAND and HATFIELD, Associate Judges

GRAHAM, Presiding Judge, delivered the opinion of the court:

The imported merchandise in the case at bar is admitted by the appellee to be a mixture of wool thread waste, artificial silk thread waste, and oil, etc. The analyst's report, introduced in evidence, gives the following:

| | Per cent |
| --- | --- |
| Wool | 53. 81 |
| Artificial silk | 43. 12 |
| Oil, etc | 3. 07 |
| | 100. 00 |

It is shown by the appraiser's report offered in evidence and not controverted that the wool waste is the chief value of the merchandise. It is claimed by the Government and not denied, and appears from an inspection of the official sample, that the quantity or value of each class of commingled waste can not be readily ascertainable by the customs officers. No attempt was made by the importer to segregate such merchandise. It was classified by the collector as wool thread waste at 16 cents per pound under paragraph 1105, Tariff Act of 1922, and is claimed in the protest to be dutiable at 10

---

[1] T. D. 43213.

per centum ad valorem as artificial silk waste, under paragraph 1213, or as waste not specially provided for, under paragraph 1457 of said act. There was also an alternative claim under paragraph 1459 as a not enumerated manufactured article, but this claim is not pressed and will not be further referred to.

The Government claimed below and urges here that section 507 relating to the commingling of goods should apply to the goods in question, and that they should be dutiable at the highest rate assessable upon any part thereof, and, that part of the merchandise being the wool thread waste content, the whole should be dutiable at the rate fixed by statute for such wool thread waste, namely, 16 cents per pound. The court below did not coincide with this view and held that section 507 did not apply and that the goods were dutiable under said paragraph 1457 as waste not specially provided for. In so holding, the Customs Court relied largely upon *Downing* v. *United States*, 12 Ct. Cust. Appls. 391, T. D. 40582. The Government has appealed.

The various provisions of the statute involved here are as follows:

PAR. 1105. Top waste, slubbing waste, roving waste, and ring waste, 31 cents per pound; garnetted waste, 24 cents per pound; noils, carbonized, 24 cents per pound; noils, not carbonized, 19 cents per pound; thread or yarn waste, and all other wool wastes not specially provided for, 16 cents per pound; * * *.

PAR. 1213. Artificial silk waste, 10 per centum ad valorem; * * *.

PAR. 1457. Waste, not specially provided for, 10 per centum ad valorem.

SEC. 507. COMMINGLING OF GOODS.—Whenever dutiable merchandise and merchandise which is free of duty or merchandise subject to different rates of duty are so packed together or mingled that the quantity or value of each class of such merchandise can not be readily ascertained by the customs officers, the whole of such merchandise shall be subject to the highest rate of duty applicable to any part thereof, unless the importer or consignee shall segregate such merchandise at his own risk and expense under customs supervision within 10 days after entry thereof, in order that the quantity and value of each part or class thereof may be ascertained.

The situation as it confronts us is this: The importer has brought into the commerce of the country an inseparable mixture of a major portion of a commodity subject to a high rate of duty and a minor portion of a commodity subject to a low rate of duty, and, because of the presence of the latter low-duty product, insists that his importation is entitled to the low rate. This, in a fair construction of the laws as between the Government and the importer, would not seem to be equitable. Neither is it, in our opinion, in harmony with any adjudged cases in this court.

In *Downing* v. *United States*, *supra*, the court was considering the dutiability of an inseparable mixture of about 50 per centum wool ring waste and about 50 per centum of wool thread waste, with an occasional small amount of wool roving waste.

The collector, under the alleged authority of paragraph 1103 of said act, assessed duty against said product at the highest rate applicable to any part, namely, 31 cents per pound. The importer claimed the product to be dutiable as "all other wool wastes not specially provided for," under the language of said paragraph 1105. In commenting upon said claim, this court said:

In view of the express language of paragraph 1103, which will be later herein more particularly discussed, and in view of the history of this paragraph, we are of opinion that the "not specially provided for" clause of paragraph 1105 refers only to unmixed, definite varieties of wool waste, known to the trade, and not designated eo nomine in that paragraph.

The court then further developed that there were other well-known wool wastes, and drew the conclusion that the language "all other wool wastes" was not intended to apply to a mixture of wool wastes. It will be observed that in the *Downing* case, *supra*, the court had under consideration the "all other wool wastes" provision of said paragraph 1105, while the importer here claims under an entirely different provision, namely, paragraph 1457, which provides for "waste, not specially provided for."

If there were here a mixture of two wool wastes, then the conclusion in the *Downing* case, *supra*, would directly apply. But, the mixture being one of wool thread waste, *eo nomine* provided for in said paragraph 1105, and something else, not a wool waste, no reason is perceptible why the provisions of section 507 do not directly apply. In our judgment it was intended to cover just such cases as the one now before us. In addition, it will be observed that the mixture before us consists, with the exception of a somewhat negligible amount of oil, etc., of two products, namely, wool thread waste and artificial silk waste, both *eo nomine* provided for in the statute. Can it be argued that by mixing these two products, a new product can be created, namely, a *waste not specially provided for?* We do not think so. If this would be the result, by a parity of reasoning, an importer might enter an inseparable mixture of corn and wheat, if such a mixture were possible, and claim the mixture should be dutiable as a not enumerated unmanufactured article. Such a conclusion would hardly be seriously contended for.

The imported material, being in chief value of wool thread waste, could not be classified as claimed under paragraph 1213, the artificial silk waste provision.

For the reasons suggested, the judgment of the United States Customs Court is *reversed.*